UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| In re: | |
|---|---|
| Linda M. Hewey, | Chapter 13 |
| Debtor | Case No. 24-10113 |

### ORDER DENYING CONFIRMATION

The debtor claims an ownership interest in a residence in Maine, and that residence is encumbered by a mortgage lien in favor of Truist Bank. *See* [Dkt. No. 9, pp. 3 & 12]. Truist began foreclosure proceedings in state court and, at some point after the proceedings had progressed, the debtor commenced this chapter 13 case on June 6, 2024. *See* id. p. 30. On her schedules, the debtor has valued the residence at $103,300. Id. p. 3. Shortly after the petition date, the debtor filed a chapter 13 plan in which she proposed to make monthly payments of "$0.00" to Truist, and to cure arrears of more than $26,000 through disbursements by the trustee. [Dkt. No. 10]. Truist later filed a proof of claim asserting a claim secured by the residence in the amount of $92,626, including arrearages of $37,593 as of the petition date. [Claim No. 6-1]. The attachment to Truist's proof of claim suggests that it has not received a payment on the mortgage loan since December 2020. Id.

At the initial confirmation hearing, in August 2024, the debtor informed the Court that Truist had asked her to apply for a loan modification, and she sought an opportunity to submit that application and propose a modified plan. [Dkt. No. 23]. The debtor sought a continuance of 60-90 days to work on a loan modification with Truist, observing that a loan modification

1

"would obviously alter the plan." Id.  At that point, confirmation was denied under 11 U.S.C. § 1325(a)(4), and the debtor was granted leave to file a modified plan.  See [Dkt. No. 24].

The following month, the debtor filed a modified plan that provides the following treatment with respect to Truist's claim in section 8.1: "Claim #6 of Truist Bank secured by 771 Skowhegan Road, Fairfield, ME 04937.  Debtor is working with creditor on a loan modification.  Future payments to this creditor will be paid by Debtor." [Dkt. No. 42].  The plan provides no further details regarding the loan modification process or the contemplated payments, or what might happen if the desired modification is not obtained.

Truist has not objected to confirmation of the modified plan.  However, the chapter 13 trustee opposes confirmation for multiple reasons, including the modified plan's failure to articulate a concrete plan for payment of the prepetition arrears due to Truist.  See [Dkt. No. 48].  The Court held hearings on confirmation of the modified plan in October and November 2024, and then again in January 2025.  See [Dkt. No. 49, 52, 54].  As of January 16, 2025, the debtor's loan modification application with Truist had been pending for roughly three months, and the trustee's objection remained unresolved.

The debtor's attempt to cure the prepetition mortgage arrears by obtaining forgiveness or capitalization of those arrears through the loan modification process is an understandable effort.  But that effort is effectively holding the remainder of the chapter 13 case hostage.  As of January 16, she was current on her payments to the trustee, but he is unable to disburse any funds to creditors until confirmation.  See 11 U.S.C. § 1326(a)(2).  And, if her loan modification application is not approved, the debtor will be back to square one, more than seven months after the petition date, without having articulated a reasonable back-up plan for dealing with the Truist claim.  The Court is unwilling to confirm a plan based on a hypothetical state of affairs (i.e.,

modification of the mortgage loan) that may not come to pass, in the absence of a definitive back-up plan, so to speak.

Confirmation of the modified plan is hereby DENIED. The plan does not provide for treatment of Truist's claim in the manner prescribed by 11 U.S.C. § 1325(a)(5)(B), and the debtor is not proposing to surrender the residence under 11 U.S.C. § 1325(a)(5)(C). Under the circumstances, the Court does not construe Truist's failure to object as an acceptance of the plan under 11 U.S.C. § 1325(a)(5)(A).

Dated: January 28, 2025

                                                  Michael A. Fagone
                                                  United States Bankruptcy Judge
                                                  District of Maine